

July 22, 2020

VIA ECF
Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re: Garcia Gonzalez v. U.S. Citizenship and Immigration Services, et al., 19-cv-2911 (JGK)

Dear Judge Koeltl:

    I represent the Plaintiff Mr. Delfino Garcia Gonzalez in the above-referenced FOIA action. I write on behalf of both parties to provide the Court with an update in accordance with prior discussions at oral argument and subsequent correspondence as endorsed by the Court. *See* ECF 57 (Memo Endorsement on Status Letter).

    On July 15, 2020, counsel for Defendant Immigration & Customs Enforcement ("ICE") provided counsel for Plaintiff with the 81 pages of Homeland Security Investigations ("HSI") documents previously identified as responsive to the FOIA request but withheld in their entirety pursuant to claimed exemptions to the FOIA statute. The documents are redacted in their entirety with the exception of dates.

*Plaintiff's Position*

    ICE's effort at segregation remains inadequate for the reasons explained in Plaintiff's memoranda of law and at oral argument. The discussion at oral argument focused on the issue of dates by way of example, but Plaintiff in his papers and at oral argument raised several other discrete pieces of information that should be considered for segregation and disclosure, including the Plaintiff's name, locations, and titles of documents. *See* Pls.' Mem. of Law, ECF 46, at 18. This information is not properly subject to an exemption and would provide valuable and important information to Plaintiff in the context of his ongoing removal proceedings, yet it appears ICE did not undertake an effort to segregate and disclose this information.

    At this point, Plaintiff submits that the proper manner to resolve the issue of segregability would be through *in camera* inspection of the 81 documents. Plaintiff is willing to provide further argument on this point in a letter brief, should the Court deem it beneficial to adjudicating the matters raised in the cross motions for summary judgment, but agrees with Defendants that the issue has been addressed in prior briefing.

*Defendants' Position*

  Following the Court's suggestion at the summary judgment oral argument held on June 25, 2020, ICE voluntarily re-reviewed the segregability of the 81 records at issue, in hopes that such newly redacted records would resolve the claims in this litigation. *See* ECF Nos. 54, 56. However, despite ICE's good faith efforts, Plaintiff maintains all of his claims.

  Consequently, given that briefing and oral argument have already occurred in this case, ICE respectfully submits that the Court should adjudicate the cross motions for summary judgment. Plaintiff's offer to provide supplemental briefing on its request for *in camera* review of the 81 records at issue is unnecessary and has already been addressed by the briefing. *See* ECF Nos. 46, 49, 52.

  We thank the Court for its consideration of this submission.

             Respectfully submitted,

              /s/ Zoe Levine
             Zoe Levine
             **THE BRONX DEFENDERS**
             360 East 161st Street
             Bronx, New York 10451
             (718) 838-7808
             zoel@bronxdefenders.org

cc:  Joshua E. Kahane
    Counsel for Defendants